UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21238-CIV-KING

JOSHUA WASSER, ILA GOLD,
and ALYSSA RECHTMAN,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

v.

ALL MARKET INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant ALL MARKET INC.'s Motion to Dismiss Plaintiffs' Complaint (DE 13), filed May 13, 2016.[1] Upon review, the motion can be resolved pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for failure to plead standing.

## BACKGROUND[2]

Defendant made various misrepresentations while marketing and distributing coconut water beverages. All of the misrepresentations related to the coconut water's source of origin. More specifically, all of the misrepresentations related to the sourcing of

---

[1] The Court has also considered: Plaintiffs' Complaint (DE 1) (the "Complaint"), filed April 7, 2016; Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss (DE 19), filed June 14, 2016; Defendant's Reply in Support of its Motion to Dismiss (DE 22), filed June 24, 2016.

[2] The Complaint alleges the following facts, which the Court accepts as true at this stage of the proceedings.

1

the coconut water in Brazil. In actuality, Defendant sourced coconuts from around the world, including coconuts from Brazil. Plaintiffs would not have paid a premium for Defendant's coconut water beverages, if they had known that the beverages could have been sourced from somewhere other than Brazil.

## LEGAL STANDARD

Subject matter jurisdiction may be challenged facially and factually under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999). While facial challenges consider only the sufficiency of the complaint, taking its allegations as true, factual attacks on subject matter jurisdiction permit the Court to weigh the facts objectively including testimony and affidavits outside of the pleadings not just in the light most favorable to the plaintiff. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011); *McMaster*, 177 F.3d at 940. Defendant has lodged a facial attack as to the sufficiency of the Complaint. "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing, a plaintiff must show "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision."

*Granite State Outdoor Adver., Inc. v. City of Clearwater*, 351 F.3d 1112, 1116 (11th Cir. 2003). Each element is "an indispensable part of the plaintiff's case" and "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (internal quotations and citations omitted).

## ANALYSIS

The Complaint does not contain general allegations sufficient to show an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent. The Complaint never states that the coconut water that Plaintiffs purchased came from somewhere other than Brazil. Upon review, it is possible that the coconut water that Plaintiffs purchased came from Brazil. This Court agrees with Defendant that the "Plaintiffs only allege that after drinking (and presumably enjoying) Vita Coco's coconut water 'consistently,' they learned that 'not all' of Vita Coco is sourced from Brazil." DE 13 at 8. Standing is not conferred upon plaintiffs who *might* have suffered an injury; it is conferred on plaintiffs who *actually* suffered an injury. The knowledge that a product might have come from somewhere other than the source represented does not create a concrete injury. If Plaintiffs got what they paid for, (which is possible), then Plaintiffs suffered no actual injury.

Accordingly, it is **ORDERED, ADJUDGED**, and **DECREED** that Defendant's Motion to Dismiss Complaint **(DE 13)** be, and the same is, hereby **GRANTED without prejudice** to Plaintiffs to file an amended complaint within **twenty (20) days** of the date of this Order. Defendant's Motion for Judicial Notice **(DE 14)** be, and the same is, hereby **DENIED as moot**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 31st day of August, 2016.

```
                          JAMES LAWRENCE KING
                          UNITED STATES DISTRICT JUDGE
                          SOUTHERN DISTRICT OF FLORIDA
```

Cc:   All counsel of record