**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO: 1:16-CV-21238-Scola/Otazo-Reyes

JOSHUA WASSER, ILA GOLD, and
ROBERTO ISRAEL J. BARAJAS-RAMOS,
on behalf of themselves and all others
similarly situated,

    *Plaintiffs*,

v.

ALL MARKET INC.,

    *Defendant*.

_____

**REPLY TO THE DOCUMENT STYLED "PLAINTIFFS' OPPOSITION
TO DEFENDANT, ALL MARKET, INC'S MOTION TO STRIKE THE
DECLARATIONS OF DR. CLAUDIU V. DIMOFTE AND CHRISTIAN TREGILLIS"**

Defendant, All Market, Inc. ("AMI") hereby files this memorandum to address Plaintiffs' Memorandum in Opposition to Defendant, All Market, Inc.'s Motion to Strike the Declaration of Dr. Claudiu V. Dimofte and Christian Tregillis [D.E. 252] ("Plaintiffs' Filing").

Plaintiffs' Filing is styled as an opposition to a supposed motion to strike the Declarations of Dr. Claudiu V. Dimofte ("Dimofte Declaration") [D.E. 221] and Christian Tregillis ("Tregillis Declaration") [D.E. 220]. There is, however, no such motion to strike. In reality, as Plaintiffs tacitly acknowledge,[1] Plaintiffs' Filing is an unauthorized Sur-Reply to AMI's Reply in Support of its Motion to Exclude the Reports, Opinions, and Testimony of Claudiu V. Dimofte and Christian Tregillis ("Daubert Reply") [D.E. 230]. Thus, this "reply" is filed by AMI only out of an abundance of caution to the extent this Court considers Plaintiffs' Filing.

---

[1] Plaintiffs' Filing states "If this Court should deem this Response as a surreply, Plaintiffs respectfully request leave to file this surreply." *See* Plaintiffs' Filing at n. 1.

## I. A Party May Not Rely on Previously Undisclosed Bases for An Expert's Opinions

To remind the Court, the Dimofte and Tregillis Declarations were filed for the first time in opposition to AMI's Daubert Motion, more than a month after the Court's expert report deadline and after each expert's deposition. Rather than move to strike the new Declarations, AMI argued in its Daubert Reply that the Court should disallow *only* the **newly unveiled bases of each expert's opinions** set forth in the Declarations, but not previously disclosed in each expert's reports.² This is the exact remedy provided for in Rule 37. "If a party fails to provide information . . .as required by Rule 26(a) or (e), the party **is not allowed to use that information** . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This remedy is "self-executing." *See* Fed. R. Civ. P. 37 advisory committee's note (Rule 37 includes a "self-executing sanction for failure to make a disclosure required by Rule 26 (a), without the need for a motion under subdivision (a)(2)(A).").³

Here, Plaintiffs did not even seek leave to supplement either expert's report, or attempt to establish the substantial justification for the late disclosure or that the late disclosure was

---

² AMI detailed in its Daubert Reply the new bases for each expert's opinions first unveiled in the Declarations (D.E. 230, Daubert Reply, pp. 4-6). AMI then stated that "[p]ursuant to Rule 37, this Court should disallow **all new bases** for expert's opinions included in the Declarations." (*Id.*, Daubert Reply, p. 6 (emphasis added).)

³ *See, e.g. Compahnia Energetica v. Capterpillar Inc.,* 2016 WL 3102225, *5 (S.D. Fla. 2016)("When a party fails to comply with Rule 26, the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation was either justified or harmless.") (citing *Cooper v. Southern Co.,* 390 F.3d 695, 728 (11th Cir. 2004), *Mitchell v. Ford Motor Co.,* 318 Fed. Appx. 821, 825 (11th Cir. 2009), and *U.S. v. Batchelor-Roobjohns,* 2015 WL 1761429, at *2 (S.D. Fla. June 3, 2005)); *see also O'Brien v. NCL (Bahamas) Ltd.*, 2017 WL 6949261, *2 (S.D. Fla. 2017)("[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show its violation of Rule 26(a) was either justified or harmless")(citing string cite of cases); *U.S. v. Twenty-Nine Pre-Columbian and Colonial Artifacts from Peru*, 2015 WL 457860, * 2 (S.D. Fla. 2015)("Courts in this Circuit routinely strike expert affidavits or preclude expert testimony for failure to meet the requirements of Rule 26.")(citing string cite of cases); *Siplin v.Carnival Corp.*, 2018 WL 2688932, *1 (S.D. Fla. 2018) ("Rule 37 (c) (1) provides a self-executing sanction").

harmless.  Even now, Plaintiffs' Filing does not seek leave to supplement either expert's report, much less address Plaintiffs' burden of establishing substantial justification or harmlessness. Indeed, Plaintiffs do not even directly address the multiple, newly disclosed bases of each expert's opinions delineated in the Daubert Reply (pp, 4-6), arguing only that there were no *new opinions*[4] disclosed in the Declarations and suggesting that they are free to submit anything they wish to "rebut" AMI's *Daubert* attacks on their experts' opinions.  This, of course, is not the law.

Rule 26 requires the disclosure of <u>the bases</u> of each expert opinion.[5]  Courts within this Circuit have been quick to point out that if the rule were interpreted as Plaintiffs suggest it would be tantamount to unlimited expert opinion preparation.  *See, e.g., Compahnia Energetica,* 2016 WL 3102225 at *6, *9 (striking expert declaration filed to rebut arguments raised in *Daubert* and summary judgment motions; summarizing extensive case law in the Eleventh Circuit explaining that Rule 26 "does not permit supplementation . . . to shore up weaknesses or inadequacies," that a party may not "rely on supplementation as a way to remedy [a] deficient expert report" or simply "because the expert did an inadequate or incomplete preparation" of the original report; rejecting argument that "declaration filed in response to a motion challenging the expert is somehow immune from being stricken merely because it was filed in response to a *Daubert* motion . . . to address the criticisms of [the expert's] conclusions."); *Asokan v. Am. Gen. Life Ins.*

---

[4] Even Plaintiffs' contention that the Declarations contain no new opinions is not accurate.  For example, as detailed in the Daubert Reply, Dimofte's expert report does not mention in any way the "country of origin stereotyping" opinion that is the <u>only</u> basis on which Dimofte now argues the Conjoint Analysis has any relevance to this case. *See* Daubert Reply, p. 4. And, again, while Dimofte testified generally about his "country of origin stereotyping" theory at his deposition, as noted above and in the Daubert Reply, information contained in paragraphs 47-50 of his Declaration and the six identified articles, sources, and other data he now relies on as support for this theory were not disclosed prior to the filing of his Declaration. *Id.* at pp. 4-5.

[5] Rule 26(a)(2)(B) requires that an expert report contain *"*(i) a complete statement of all opinions the witness will express <u>and the basis</u> and reasons for them; [and] (ii) <u>the data or other information considered by the witness in forming them</u>.*"*

*Co.*, 2017 WL 4542889, * 8 (M.D. Fla. 2017) (refusing to consider declaration of expert filed in opposition to *Daubert* motion, "[i]n an attempt to shore up this deficiency, [the expert] submits a declaration in support of the Defendant's opposition to Plaintiff's motion to exclude his testimony. This effort is too little, too late."); *Lincoln Rock, LLC v. City of Tampa,* 2016 WL 6818959, *5 (M.D. Fla. 2016)(striking expert declaration filed in response to *Daubert* motion which added additional "layers of analysis, research, and background;" rejecting contention that expert's affidavit filed in response to *Daubert* motion immune from being stricken and explaining "condon[ing] such a litigation strategy . . . 'would be to invite the proverbial fox into the henhouse.'"); *Martin v. Omni Hotels Management Corp.*, 2017 WL 2928154, * 2 (M.D. Fla. 2017)(excluding expert affidavit filed in opposition to *Daubert* motion which "provided additional foundation for his opinions . . . [and] disclose[d] previously undisclosed information pertaining to his tools."). Tellingly, not a single decision relied on by Plaintiffs is an opinion of the Eleventh Circuit or of a Florida District Court.

## II. The Eleventh Circuit's *Mitchell v. Ford Motor Company* Opinion is Directly on Point

The Eleventh Circuit has made clear that *all support* for an expert's opinion must be timely disclosed, not just the expert's opinions themselves. In *Mitchell v. Ford Motor Co.,* 318 Fed. Appx. 821, 822 (11th Cir. 2009), plaintiffs' expert submitted an expert report which relied on three scientific papers to support his opinion. *Id.* During the expert's deposition, the expert referenced only these three papers as the basis for his opinions. *Id.* Just as in this case, after deposition, in connection with a *Daubert* challenge, the expert disclosed several additional papers which formed the basis of his opinions. *Id.* The Eleventh Circuit affirmed the district court's decision <u>not</u> to consider the belatedly disclosed bases of the expert's opinions, and the

4

resulting decision to exclude the expert's opinions in full because the opinions lacked sufficient support. *Id.*

Plaintiffs suggest that *Mitchell* is "readily distinguishable" from this case because the expert in *Mitchell* purportedly did not conduct his own experiments or tests, but instead relied exclusively on the studies of others. (Plaintiffs' Filing, p. 6). In essence, Plaintiffs seek to avoid *Mitchell* by making a distinction between experts that conduct their own studies and those that do not. The Eleventh Circuit makes no such distinction. Indeed, the Eleventh Circuit begins its opinion with the broad pronouncement "[t]his appeal is about **the necessity of an adequate and timely disclosure of the support for an expert witness opinion**." *Mitchell,* 318 Fed. Appx. at 822 (emphasis added).

It is no doubt for this reason that the *Mitchell* opinion has been widely cited in this Circuit regardless of whether the expert had conducted his own study. *See, e.g. Pediatric Nephrology Assoc. of S. Fla. v. Variety,* 2017 WL 5665346, *3 (S.D. Fla. 2017) (citing Eleventh Circuit's opinion in *Mitchell*, and excluding damages analysis based on assumptions, computations, and research not previously disclosed by expert); *O'Brien*, 2017 WL 6949261 at *5 (citing Eleventh Circuit's opinion in *Mitchell*, and excluding supposed "supplement" to earlier disclosed expert report); *Asokan*, 2017 WL 4542889 at *8 (citing Eleventh Circuit's opinion in *Mitchell*, and refusing to consider declaration of expert filed in opposition to *Daubert* Motion which purported to lay out previously undisclosed bases for expert's opinion); *Compahnia Energetica,* 2016 WL 3102225 at *5 (citing Eleventh Circuit's opinion in *Mitchell* and striking expert declaration which provided previously undisclosed explanation as to why expert's analysis of a different product could be extrapolated to the product at issue in response

5

to *Daubert* and summary judgment motions).  Not a single case draws the distinction suggested by Plaintiffs.

### III. The Declarations Disclose For the First Time Additional Bases for Each Expert's Opinions That Should be Disallowed

Plaintiffs do not deny that the Declarations disclosed for the first time the additional support for each expert's opinions specifically outlined in AMI's Daubert Reply.  Rather, Plaintiffs simply argue that there is no problem with these new disclosures (for both Dimofte and Tregillis) because they are meant to "rebut" or "respond" to the issues raised in AMI's Daubert Motion.  But this is exactly what would be argued in every case in which a *Daubert* motion is filed.  As discussed above, the law in the Eleventh Circuit does not allow Plaintiffs this end-run around the expert disclosure requirements.

Plaintiffs also argue that Dimofte had "no way of predicting" AMI's attack on his Conjoint Analysis based on the fact that he only compared a willingness to pay for coconut water thought to be produced in Brazil and coconut water thought to be produced in the Philippines, and did not consider the willingness to pay differential, if any, between Brazil and the relevant countries of production (i.e., Indonesia, Malaysia, Thailand, or Sri Lanka). Are Plaintiffs really suggesting that Dimofte had "no way of predicting" he should review the operative complaint in this action which lists the relevant countries of production and actually use those countries?[6] And that Dimofte had "no way of predicting" that his analyses must be relevant to the facts of this case to be admissible?  Shockingly, this appears to be Plaintiffs' argument.

The six new, never before referenced articles, studies and other data disclosed in paragraphs 47-50 of the Dimofte Declaration as purported support for Dimofte's argument that his Conjoint Analysis can be extrapolated to Indonesia, Thailand, and Sri Lanka should be

---

[6] *See, e.g.* D.E. 93 at ¶¶ 22, 27, 71, 90, 94, 95.

disallowed. Although <u>none</u> of these new sources and information actually support anything Dimofte states, Plaintiffs' blatant disclosure violations should not be allowed. The same is true with respect to the previously undisclosed information, argument, and article in Tregillis' Declaration purportedly supporting his opinions. *See* Daubert Reply, p. 6.

Rather than burden this Court with duplicative briefing, AMI incorporates its discussion from pages 4-6 of its Daubert Reply, and respectfully requests the Court to disallow the additional bases for each expert's opinion discussed therein based on the overwhelming case law discussed above and the fact that there is no question that these studies, information, and other data were not timely disclosed.

Respectfully submitted,

/s/ *Raquel Fernandez*
**MELISSA C. PALLETT-VASQUEZ**
Florida Bar No. 715816
mpallett@bilzin.com
**LORI P. LUSTRIN**
Florida Bar No. 59228
llustrin@bilzin.com
**RAQUEL M. FERNANDEZ**
Florida Bar No. 55069
rfernandez@bilzin.com
**JERRY GOLDSMITH**
Florida Bar No. 119525
jgoldsmith@bilzin.com
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Ave, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580   Fax: (305) 374-7593

and

        SCOTT VOELZ (admitted pro hac vice)
svoelz@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor,
Los Angeles, CA 90071
Tel: (213) 430-6680 Fax: (213) 430-6407
HANNAH Y. CHANOINE (admitted pro hac vice)
hchanoine@omm.com
O'MELVENY & MYERS LLP
Times Square Tower, 7 Times Square,
New York, NY 10036
Tel: (212) 326-2128 Fax: (212) 326-2061

*Attorneys for Defendant All Market Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 14, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

        /s/ *Raquel Fernandez*
           Raquel Fernandez